**Marvin BUTTS, Petitioner,**

**v.**

**Ray PAGE, Warden, Respondent.**

**No. A–14516.**

Court of Criminal Appeals of Oklahoma.

Jan. 17, 1968.

· Marvin Butts, pro se. ·

G. T. Blankenship, Atty. Gen., for respondent.

MEMORANDUM OPINION ·

BUSSEY, Judge.

This is an original proceeding in which the petitioner seeks his release from confinement in the State Penitentiary where he is currently incarcerated by virtue of a judgment and sentence rendered against him in the District Court of Okmulgee County, Oklahoma, on his plea of guilty.

Petitioner does not allege that the trial court lacked jurisdiction of the person, subject matter, or authority under law to pronounce the judgment and sentence rendered against him, but alleges only that at the time of his arrest and subsequent thereto, he was questioned without the assistance of counsel. Petitioner does not allege that he did not knowingly and intelligently enter a plea of guilty to the charge of which he stands convicted without knowledge of the nature and consequence of said plea, nor does he allege that he was denied any right relating to an appeal.

■ Under these circumstances we are of the opinion that the trial court had jurisdiction of the person, subject matter and authority under law to pronounce the judgment and sentence imposed and that the relief prayed for should be, and the same is hereby denied.

■ Petitioner suggests that he was tricked into entering a plea of guilty without setting forth in any detail any verified statements to support these facts. If the petitioner wishes to seek a post conviction review of the judgment and sentence rendered against him, he should seek post conviction review under 22 O.S.A. § 1073, setting forth in detail the grounds upon which he seeks his review.

The writ prayed for is accordingly denied without prejudice to the filing of a proper application for post conviction appeal.

Writ denied.

NIX, P. J., and BRETT, J., concur.